**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN DOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-1428** |

**MEMORANDUM OPINION AND ORDER**

In 2024, *pro se* Plaintiff John Doe filed an I-130 petition to begin the process of sponsoring a visa for his noncitizen wife. See ECF No. 1-1 (Redacted Letter) at 1. After U.S. Citizenship and Immigration Services denied his application in 2026, citing Doe's prior sex-crime conviction as its basis for denial, he brought this lawsuit to challenge that decision. See ECF No. 1 (Compl.) at 2, 4. He now moves not only to seal portions of the exhibits attached to his Complaint, including the USCIS Denial Letter itself, but also to proceed pseudonymously and for entry of a protective order. See ECF Nos. 2 (Mot.) at 1–2; 6 (Am. Mot.) at 1–5. The Court will grant the Motion in part and deny it in part, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Child.'s Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Child.'s Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

Similarly, the party-identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full

disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (cleaned up).

## II. Analysis

Plaintiff moves for a partial sealing of the exhibits attached to his Complaint, as well as for pseudonymity and a protective order. The Court will consider each request in turn.

### A. Sealing

First, Doe asks this Court to seal three medical records attached to his Complaint and to redact his I-130 Denial Letter to remove mention of his health conditions as well as of his criminal conviction. See Am. Mot. at 3. Running through the Hubbard factors, the Court will grant his sealing request as to the medical records, but it will pare back Plaintiff's redactions of the Denial Letter to cover only medical information.

The first factor — "the need for public access to the documents at issue," Nat'l Child.'s Ctr., 98 F.3d at 1409 — weighs in favor of granting Plaintiff's Motion. To start, this civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest. Hubbard, 650 F.2d at 317. While the presumption of transparency is normally "accentuated in cases" like this one "where the government is a party," United States v. All

Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Child.'s Ctr., 98 F.3d at 1409), that analysis considers government participation primarily as a proxy for heightened public interest. Id. (describing public interest in monitoring government conduct). While the public may be interested in knowing how the Government conducts itself during immigration proceedings, the specific documents at issue are not of much public concern. After all, the proposed sealing is limited to the exhibits; the Complaint itself, which details the basis of the lawsuit, remains available to the public. Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).

Like the first factor, the second — "the extent of previous public access" to the materials Plaintiff seeks to seal, Nat'l Child.'s Ctr., 98 F.3d at 1409 — weighs in favor of sealing. In assessing this factor, a court "consider[s] the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021). Plaintiff represents that these records have never been available to the public. See Am. Mot. at 4. This strikes the Court as accurate: the Denial Letter appears to have been sent only to Plaintiff, see ECF No. 2-2 (Unredacted Letter) at 1, and the Court takes him at his word that his medical records have never been made public.

The third factor similarly supports Plaintiff's cause. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). Plaintiff has so moved, and, as is common at this stage, no objection to the Motion has been lodged.

The fourth factor — the "strength of any property [or] privacy interests asserted," Nat'l Child.'s Ctr., 98 F.3d at 1409 — also weighs strongly in favor of sealing, but only as to Plaintiff's medical records. Individuals maintain "a strong privacy interest" in their own medical

records, and that interest is robust enough to merit non-disclosure. Hardaway, 843 F.3d at 980. That covers the three medical records at issue, as well as the redactions of the Denial Letter that deal with Plaintiff's health history. The problem is that Plaintiff's redactions go beyond removing medical information; for instance, he redacts nearly all the information detailing his criminal conviction. Compare Redacted Letter at 2, 4, 5, with Unredacted Letter at 2, 4, 5. It is not clear what Plaintiff's privacy interest would be in redacting those facts. Doe himself suggests that there is "a profound, constitutionally and statutorily protected privacy interest in his . . . personal immigration records." Am. Mot. at 4. Perhaps. But Plaintiff's redactions deal with the details of his conviction, rather than any immigration information. As Plaintiff does not articulate a privacy interest beyond the one in his medical records, this factor weighs in favor of disclosure for the redactions unrelated to medical history.

The fifth factor, which considers possible prejudice to the party seeking the seal, is neutral. Plaintiff does not "identif[y] how the disclosure of the relevant material" — here, the details of his medical conditions and criminal conviction — "causes legal prejudice." All Assets Held, 520 F. Supp. 3d at 85 (quoting Zapp, 746 F. Supp. 2d at 150) (cleaned up); see Friedman v. Sebelius, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009) (fifth factor did not "weigh strongly" either way where "plaintiffs ha[d] not claimed that unsealing this matter would affect them in any future litigation").

The last factor — "the purposes for which the documents were introduced," Nat'l Child.'s Ctr., 98 F.3d at 1409 — falls like the fourth, favoring the sealing of Plaintiff's medical information but not his other proposed redactions. Disclosure is the norm where "the parties explicitly intend the Court to rely on the sealed materials in adjudicating their dispute." Vanda Pharms., Inc. v. Food & Drug Admin., 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (cleaned up)

(quoting Berliner Corcoran & Rowe LLP, 662 F. Supp. 2d at 135). Here, Plaintiff "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so." Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). As such, he clearly "intended for the Court to rely on the sealed" materials in deciding this case. Michaels v. NCO Fin. Sys. Inc., 2023 WL 4857413, at *5 (D.D.C. July 31, 2023). That said, the submitted medical records play a very limited role in the suit, which favors sealing them. J.Z. v. U.S. Dep't of Homeland Sec., 2026 WL 1470530, at *5 (D.D.C. May 26, 2026) ("[W]here, as here, the information is of a personal nature, and does not significantly implicate the 'central claims of the litigation,' the presumption in favor of unsealing the pleading is reduced.") (quoting United States v. Harris, 204 F. Supp. 3d 10, 17–18 (D.D.C. 2016)). USCIS did not rely on Doe's medical records at all in its decisionmaking; it noted them only to confirm receipt of the tranche of documents Plaintiff submitted during his back and forth with the agency. See Unredacted Letter at 2–3. A court reviewing the propriety of USCIS's decision will not need to delve into Doe's medical records to make findings. On the other hand, Plaintiff's redactions of his criminal history go straight to the heart of the suit — USCIS cites his conviction as the basis of its denial. Id. at 6. That information certainly plays far more than a "minor role in the 'central claims of the litigation.'" Monbo, 2023 WL 7129866, at *2 (quoting Harris, 204 F. Supp. 3d at 17); see also Doe v. Noem, 2025 WL 958249, at *4 (D.D.C. Mar. 31, 2025) (finding factor favors disclosure where sealing covers "details that may factor into the Court's decision"). This final factor thus weighs in favor of disclosure of the I-130 Denial Notice outside of medical-record redactions.

Taking the factors altogether, the Court will grant Plaintiff's request to seal the three medical records. It will also permit Plaintiff to redact from the I-130 Denial Letter any mentions

of his medical history, but not other facts. As the current redactions go too far, the Court will require Doe to resubmit a redacted Denial Letter for the public record.

B. Pseudonymity

The Court next considers Plaintiff's request to proceed pseudonymously. As the Court will permit sealing of Plaintiff's medical information, the risk of revealing sensitive medical data no longer factors into his pseudonymity request. Instead, the Court will focus on Plaintiff's other basis for seeking pseudonymity: the "public stigma" that attaches to a criminal conviction. See Am. Mot. at 2. On that front, Plaintiff falls short in showing that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.

To begin, the Court finds that Plaintiff's criminal conviction and the underlying details do not implicate "a matter of a sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (cleaned up). Doe contends that there is a "severe public stigma" that attaches to being associated with his criminal conviction. See Am. Mot. at 2. The possibility of public stigma, however, does not automatically engender a privacy interest. A conviction is a "matter[] of public record conducted in open court proceedings." Doe v. Hill, 141 F.4th 291, 295 (D.C. Cir. 2025). Given that "a privacy interest rests in part on the degree of dissemination of the allegedly private fact," id. (cleaned up), Plaintiff's privacy interest in the public fact of his conviction is minimal. Plaintiff highlights the fact that he is no longer on the sex-offender registry, see Am. Mot. at 2, but that removal does not alter the public nature of his prior conviction. See Doe v. McKernan, 2024 WL 1143932, at *2 (D.D.C. Feb. 23, 2024) (finding no privacy interest in convictions even after expungement). The first factor therefore weighs against pseudonymity.

Next, the Court considers "whether identification poses a risk of retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326. Plaintiff asserts that he may face public

harassment and emotional distress if his identity is disclosed alongside his stigmatizing record, and identification may also cause "severe retaliatory or reputational harm" to his family. See Am. Mot. at 2. But these assertions of harm are "speculative" and "presented in entirely conclusory form, devoid of factual corroboration or elucidation." In re Sealed Case, 971 F.3d at 326–28. Plaintiff does not explain who might harass him or his family and for what reason. For these reasons, the Court finds that the second factor weighs against pseudonymity.

The third factor — "the ages of the persons whose privacy interests are sought to be protected," id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity because Plaintiff is not a minor. See Am. Mot. at 2.

When plaintiffs sue the Government, which way the fourth factor cuts depends on the relief that they seek. If they request programmatic relief that would "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to other parties going forward," then the "public interest" in their case "is intensified" and this factor cuts against pseudonymity. In re Sealed Case, 971 F.3d at 329. On the other hand, if plaintiffs seek only individualized relief — say, a judgment that their visas were improperly delayed or that they were unlawfully denied government benefits — then this factor favors pseudonymity. Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024). Here, Plaintiff seeks reconsideration of his individual visa application, which constitutes individualized relief justifying pseudonymity.

Finally, the last factor asks whether letting Plaintiff proceed pseudonymously would prejudice Defendants. This factor is "not implicated" where, as here, Defendants know Plaintiff's identity. In re Sealed Case, 971 F.3d at 326 n.1. In sum, even if the fourth factor

favors pseudonymity, the overall balance still weighs against granting Doe's request for pseudonymity. The Court will therefore deny that portion of his Motion.

C. Protective Order

Finally, Doe requests a protective order "prohibiting Defendants from disclosing [his] true identity or sensitive medical information to any person or entity not directly involved in this active litigation." Am. Mot. at 5. As the Court now orders Plaintiff to reveal his identity and orders sealing of the medical information at issue, it will deny the request for a protective order as moot.

## III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [6] Motion to Proceed Pseudonymously, for Leave to File Documents Under Seal, and For a Protective Order is GRANTED IN PART and DENIED IN PART;
2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, file a redacted version of his [6] Motion on the public docket that redacts mentions of his medical history and conditions;
3. Within fourteen days of the Court's Order, Plaintiff shall file on the public docket the [1-1] USCIS Denial Notice with updated redactions limited to his medical history and conditions; and
4. Plaintiff's [2-2] unredacted exhibits shall remain sealed, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: June 4, 2026