UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK CHRISTIAN,<br>*Plaintiff*,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>*Defendants*. | Civil Action No. 26-1428 (RDM) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Mark Christian brings this action challenging the United States Citizenship and Immigration Service's ("USCIS") denial of his I-130 petition requesting that the Attorney General recognize his wife, who is a foreign national, as an "immediate relative" entitled to obtain lawful permanent residence status in the United States. *See* 8 U.S.C. § 1154. Pending before the Court are Plaintiff's motions to expedite consideration of his case, Dkts. 3 & 15, Defendants' motion to dismiss, Dkt. 17, and Plaintiff's motion for summary judgment, Dkt. 4.

For the reasons explained below, the Court will **GRANT** Plaintiff's motions to expedite, will **DENY** Defendants' motion to dismiss, and will **DENY** Plaintiff's motion for summary judgment without prejudice to permit Plaintiff to re-brief the dispositive issues in light of the Court's opinion. The Court will also set an expedited schedule for cross-motions for summary judgment.

## I. BACKGROUND

Christian is a U.S. citizen and severely disabled veteran residing in Oklahoma City, Oklahoma, who reports that he is facing a number of grave medical crises, including congestive

heart failure, kidney failure, type 2 diabetes, and post-traumatic stress disorder. Dkt. 15 at 3; Dkt. 11-1 at 1. Christian married his wife, a foreign national, in 2008, and has filed four separate I-130 petitions on her behalf "[o]ver the span of fifteen years." Dkt. 11-1 at 1. The USCIS has denied each application from 2014 to 2026, *id.* at 2, based on the Adam Walsh Act ("AWA"), which excludes U.S. citizens "who ha[ve] been convicted of" covered sex offenses from the I-130 process, 8 U.S.C. § 1154(a)(1)(A)(viii)(I). The only exception to the exclusion is for cases in which "the Secretary of Homeland Security, in [his] sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a [I-130] petition . . . is filed." *Id.* Christian's complaint pertains to the USCIS's two most recent denials on February 7, 2023 and February 25, 2026, both of which concluded that in order to qualify under the exception to the AWA, Christian was required to "provide evidence to establish 'beyond any reasonable doubt' that he poses no risk to the beneficiary." Dkt. 11-1 at 2; Dkt. 11-3 (February 7, 2023 decision); Dkt. 1-1 (February 25, 2026 decision). The USCIS never considered whether Christian could prevail under a less demanding standard of proof, such as the preponderance standard.

On April 24, 2026, Christian initiated this action, Dkt. 1, and, at the same time, sought expedited consideration in light of his health crises and the risk that his wife, who is his sole caregiver, might face imminent removal from the United States, Dkt. 3. On June 8, 2026, Christian filed an amended complaint, alleging that the USCIS "applied a 'beyond any reasonable doubt' standard . . . directly violat[ing] the 'preponderance of the evidence' standard established [in] agency precedent." Dkt. 11 at 4. He contends that the USCIS's application of the more demanding evidentiary standard in adjudicating and denying his I-130 petition violated binding USCIS precedent in *Matter of Chawathe*, 25 I. & N. Dec. 369 (AOO 2010), and D.C.

Circuit precedent, *Castaneira v. Noem*, 138 F.4th 540 (D.C. Cir. 2025). *Id.* On July 9, 2026, Plaintiff filed a renewed motion for expedited consideration, reiterating the need for expeditious resolution of his case in light of his "profound, active, and life-threatening" condition. Dkt. 15 at 2.

Although Defendants were not required to respond to the amended complaint until August 14, 2026, Dkt. 14, they promptly moved to dismiss on July 20, 2026, Dkt. 17, but have not otherwise responded to Plaintiff's motions to expedite the litigation.

## II. ANALYSIS

The Court starts with Plaintiff's motion to expedite the litigation, which requires only brief consideration. Defendants do not dispute any of Plaintiff's factual representations regarding his health crises and, beyond moving to dismiss with considerable dispatch, they do not respond to Plaintiff's request for expedition. The Court will, accordingly, resolve the pending motion to dismiss without delay and will set an expedited schedule for cross-motions for summary judgment.

Defendants' motion to dismiss, in turn, can be resolved with similar ease. In Plaintiff's view, this case is controlled by the D.C. Circuit's recent decision in *Castaneira v. Noem*. 138 F.4th 540 (D.C. Cir. 2025). Defendants, for their part, do not dispute that the question presented by their motion to dismiss is on all fours with *Castaneira*. Nor could they. In *Castaneira*, a U.S. citizen filed a Form I-130 petition for his spouse, a Mexican national. *Id.* at 542. The USCIS sent him a notice of intent to deny because he had been convicted of committing crimes "that appeared to qualify as 'special offenses against a minor' under the AWA. *Id.* In declining to grant an exception, the Secretary applied a beyond-a-reasonable-doubt standard, which the plaintiff argued was at odds with controlling administrative precedent, *Matter of Chawathe*, 25 I.

& N. Dec. 369 (AAO 2010), which "imposed a preponderance of the evidence standard except where a different standard is specified by law," *Castaneira*, 138 F.4th at 542–43 (citation modified). And, indeed, those are precisely the same facts at issue here. Plaintiff alleges that his request for an exception from the AWA was rejected under the beyond-a-reasonable-doubt standard, even though *Matter of Chawathe* required the Secretary to apply the traditional preponderance standard. Dkt. 11 at 4; Dkt. 11-1 at 2.

Moreover, here, as in *Castaneira*, Defendants argue that the Court lacks subject-matter jurisdiction because the Immigration and Nationality Act ("INA") strips federal courts of jurisdiction "to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the[ir] [respective] discretion," 8 U.S.C. § 1252(a)(2)(B)(ii). Dkt. 17 at 11. In addressing essentially the same argument in *Castaneira*, the D.C. Circuit held that Section 1252(a)(2)(B)(ii) did not strip the courts of jurisdiction to review a U.S. citizen's claim that the USCIS failed to comply with binding agency precedent in adjudicating and denying discretionary immigration benefits (the denial of which, nobody disputes, would otherwise be unreviewable). 138 F.4th at 548–51. Specifically, Section 1252(a)(2)(B)(ii) bars judicial review only if the "decision or action of the Attorney General or the Secretary of Homeland Security" is committed "under [that] subchapter," meaning Subchapter II of Title 8, Chapter 12 of the United States Code, *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010), to "the discretion of the Attorney General or the Secretary of Homeland Security," 8 U.S.C. § 1252(a)(2)(B)(ii). The D.C. Circuit reasoned that "[e]ven where Congress has accorded an agency broad discretion, if the agency itself chooses to bind itself to published procedures, this choice means that it must then 'exercise its own discretion' in accordance with its own 'existing valid regulations' and binding precedents." *Castaneira*, 138

F.4th at 551 (quoting *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)). In other words, discretion-granting statutes do not typically "afford[] the agency discretion to depart from its own binding regulations or precedents in making" otherwise unreviewable, discretionary determinations. *Id.* at 549.

Defendants do not even attempt to distinguish *Castaneira* on the facts or the law. That should end the matter. Remarkably, however, Defendants devote the core of the brief to the contention that the D.C. Circuit erred in *Castaneira*. *See* Dkt. 17 at 15–18. In doing so, they fail to identify any argument that the D.C. Circuit did not consider and reject. But, even more fundamentally, Defendants ignore the cardinal principle "that binding precedent for the district courts within a circuit is set only by the court of appeals for that circuit." *Cannon v. Watermark Ret. Communities, Inc.*, 45 F.4th 137, 149 (D.C. Cir. 2022) (citation modified). This Court is not free to revisit binding D.C. Circuit precedent that is, as here, squarely on point.

Nor does Defendants' passing reference to the Administrative Procedure Act's ("APA") "bar[] [on] review" of decisions "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), fare any better. Dkt. 17 at 11. To start, to the extent Defendants intend to raise Section 701(a)(2) as a jurisdictional bar, akin to Section 1252(a)(2)(B), their argument is at odds with settled precedent. As the D.C. Circuit has repeatedly explained, Section 701(a)(2) "limits the cause of action provided by the APA," but does not deprive the court of federal question jurisdiction. *Oryszak v. Sullivan*, 576 F.3d 522, 525 & n.2 (D.C. Cir. 2009); *see also People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 797 F.3d 1087, 1097 (D.C. Cir. 2015). Here, Defendants treat Section 701(a)(2) as merely reinforcing Section 1252(a)(2)(B)(ii); on their telling, "both the APA and the INA divest courts of jurisdiction over discretionary agency action, including those of [the] USCIS." Dkt. 17 at 11. That is incorrect.

But even giving Defendants the benefit of the doubt, and treating their invocation of Section 701(a)(2) as a merits defense, they fail to explain how that defense can be reconciled with *Castaneira*, which recognized that, to the extent *Matter of Chawathe* "constitutes binding agency precedent pursuant to the agency's own regulations," the Secretary—by definition—lacks discretion to disregard it. 138 F.4th at 549. As in *Castaneira*, the Court leaves the question whether *Matter of Chawathe* is controlling in the present circumstance for the merits and, instead, merely rejects Defendants' contention that the Court lacks jurisdiction to consider that question.

Finally, Defendants argue that the Court should dismiss Plaintiff's complaint to the extent it purports to assert a cause of action under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, or the Mandamus Act, 28 U.S.C. § 1361. As to the DJA, Defendants observe that it does not establish a stand-alone cause of action. Dkt. 17 at 19. That is true, but Plaintiff does not purport to bring a stand-alone DJA claim, and it is premature for the Court to decide whether he might be entitled to relief under the DJA, if he prevails on his substantive APA claim. *See* Dkt. 11 at 4 (seeking declaratory relief). And as to the Mandamus Act, Defendants argue that the claim is moot because the agency has already rejected his I-130 petition. Dkt. 17 at 20. But that misunderstands Plaintiff's claim. He is not seeking expedited consideration of his previously rejected I-130 petition. He is merely asking that, if the Court remands the matter for further consideration, it set a time limit to ensure that the agency renders a new decision, applying what he asserts is the correct burden of proof, expeditiously. Dkt. 11 at 5. Again, it is premature for the Court to resolve that question. The request for relief, however, is not moot.

The Court will, accordingly, deny Defendants' motion to dismiss, Dkt. 17.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to expedite, Dkts. 3, 15 are hereby **GRANTED**, and Defendants' motion to dismiss, Dkt. 17, is hereby **DENIED**. It is further ordered that Plaintiff's Motion for Summary Judgment, Dkt. 4, which was filed before Plaintiff's operative complaint, Dkt. 11, is **DENIED** without prejudice to permit Plaintiff to re-brief the dispositive issues in light of this decision. Among other things, Plaintiff should address whether *Matter of Chawathe* is controlling in the present circumstances. It is further ordered that if Defendants intend to move for summary judgment, they file their motion on or before September 8, 2026, and if Plaintiff intends to cross-move and, if necessary, oppose Defendants' motion, he may do so on or before September 29, 2026. Defendants may then, as appropriate, file an opposition and reply on or before October 13, 2026, and Plaintiff may file a final reply brief on or before October 27, 2026.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 21, 2026